Drake, Ch. J.,
delivered the opinion of the court:
The eastern district, of which Crisfield was the port of entry, was, by the Act February 25, 1867 (14 Stat. L., 410, ch. 81), formed out of a part of the district of Yienna, which had been constituted by the Aot July 31, 1789 (1 Stat. L., 33, ch. 5), and had continued in existence until the passage of the act of 1867, when it was abolished;
By the act of February 25, 1867, it was enacted “ that the collector of said eastern district shall receive an annual salary of twelve hundred dollars.”
The question is, whether the claimant, as collector at Cris-field, was entitled by law to any further compensation than that prescribed salary. To decide this, it is necessary to examine the laws in regard to the compensation of collectors which were in force when the claimant was appointed.
By the Act March 2, 1799 (1 Stat. L., 704; ch. 23), compensation was allowed to all collectors as follows:
I. Certain prescribed fees, authorized to be demanded and received for the use of the collectors,” which provision is now in § 2654 of the Revised Statutes.
*337 II. Certain percentages on duties on imports and tonnage, varying in amounts, at different ports named, and winding up with a general provision allowing “ to the' collectors of all other districts three per cent.” The district of Yienna, not being there named, came under the three per cent, clause. This provision, modified in the amounts of commissions allowable in certain named districts, but containing- the three per cent, clause as to all others, is in § 2659 of the Devised Statutes.
“In addition to those allowances,” the act authorized to “be allowed and paid annually ” to the collectors of certain named districts a sum of $150, $200, or $250; and among those named to receive $200 was the collector of the Yienna district.
It follows that, up to the time when that district was abolished, the collector at Yienna had lawful right to compensation in a threefold form, viz : 1. Fees; 2. Three per cent, on duties on imports and tonnage; and, 3. An annual salary of $200.. The fees, under a law applicable to all collectors; the percentage, under a law applicable to all collectors except those in certain named districts; and a salary, under a provision applicable only to the districts named.
The fees and percentages were not, however, to be entirely for the emolument of the collectors, but were to be applied in part to pay the expenses of the office; and the collectors were required to render annual accounts thereof, and also of all their expenditures for rent, fuel, stationery, and clerk hire ta the Treasury Department. (Act March 2,1799, ut supra, and Act May 7, 1822, 3 Stat. L., 693, ch. 107, now in §§ 2639 and 2641 -of the Devised Statutes.)
Whatever balance of fees and percentages might remain after payment of those expenditures was to form a part of the collector’s emoluments, provided the emoluments did not exceed $3,000 per annum, after deducting the necessary expenses incident to his office; in which case the excess over that sum was required to “ be paid into the Treasury for the use of the United States.” (Act May 7, 1822, ut supra.)
Such was the state of the law when the claimant was appointed to, and during the whole time he held, the office of collector of the eastern district at Crisfield.
With the law in this condition, the Commissioner of Customs decided that the- twelve hundred dollars salary given the claimant by the act creating his district constituted his entire com *338 pensation, and required him to account to the United States for all fees. Was this decision correct % We think not.
Had the law placed collectors in two distinct classes as to compensation, and allowed to one class fees and percentage only and to the other class salary only, it might Avith more justice be claimed that the fixation of the claimant’s salary at $1,200 would place him in the latter class, and debar him from the fees and percentage. In many instances, as may be seen by reference to the Revised Statutes from § 2660 to § 2685, Congress manifested its intention to make the salaries of collectors their entire compensation by using apt words to that end; but no such words are used in reference to the collector of the district in question. As to him, the provision simply declares what his salary shall be. To give this the effect of excluding-him from the benefit of the fees and percentage, it must be held that it was an implied repeal, as to his district, of the laws allowing fees- and percentage. We do not see that any such effect is attributable to it, for there is no inconsistency between the allowance of salary and the allowance of fees and percentage. On the contrary, the acts referred to allow salary, fees, and percentage to a very large number of collectors. If, then, there was no repeal of the acts allowing fees and percentage, those acts remain in full force, and the claimant, during the whole term of his tenure of the office, was entitled first to the salary, and secondly to the balance of the fees and percentage after deducting the expenses of his office.
That, under the authoritative requirement of the Treasury Department, he paid all that balance into the Treasury without protest gives no right to the government to hold the money. It was not, in the eye of the law, a voluntary payment. It was demanded of him by his official superior, as now appears, without warrant of law, and it would be a reproach to the government to hold it unlawfully, merely because he submitted without protest to an order which he was not legally bound to resist, and resistance to which might not only have cost him his office, but involved him in expensive and injurious conflict with the government. The jurisdiction of this court over claims founded upon any law of Congress” was conferred for the very purpose of obtaining judicial decision of controversies between the government and citizens growing out of variant constructions of such laws; and the relief intended to be afforded the *339 citizen, here is not to be denied Mm because be unresistingly obeyed a requirement wbicb be might well have supposed would not have been made without authority of law.
The statute of limitation bars a portion of the claim. The statute declares “ that every claim against the United States, cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement of the claim be filed in the court * * * within sis years after the claim first accrues.”
While the claimant had in Ms own hands the fees and percentage, he had no claim against the United States cognizable in this court. It was only when he paid them into the Treasury that his claim so accrued as to authorize him to sue on it here.
His petition was filed on the 15th of March, 1877, and he can have no judgment for any sum paid by him into the Treasury more than six years before that date. He cannot therefore, recover the amount of $343.69 paid by him on the 22d of May, 1869, nor the three per cent, on $11,815.42 of tonnage-tax paid into the Treasury before March 8,1871.
' He is entitled to recover the fees paid into the Treasury after May 22,1869, as stated in the finding of facts, less $2.30 of tax on his salary, being $5,604.67; and also 71 cents on $23.81 of tonnage-tax paid after March 8, 1871 j mating, together, $5,605.38 ; for wMch sum judgment will be rendered in his favor.